# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

| | |
|---|---|
| JOEL PEYTON,<br><br>*Plaintiff*,<br><br>v.<br><br>MASON BARNES, in his personal and official capacities as Simpson County Judge Executive,<br><br>*Defendant*. | Case No.1:25-CV-34-GNS<br><br>**Chief Judge Gregory N. Stivers**<br><br>**MAGISTRATE JUDGE**<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY & INJUNCTIVE RELIEF**<br><br>Under General Order 24-05, this Complaint does <u>not</u> seek statewide or nationwide relief |

## INTRODUCTION

1. This is a case to vindicate the First Amendment rights of Joel Peyton, who was censored and otherwise restricted in his online speech when he filed an ethics complaint related to violations by Simpson County officials.

2. Joel Peyton seeks damages and a permanent injunction prohibiting Simpson County Judge Executive Mason Barnes from illegally using his official social media platform to restrict his First Amendment rights.

1

## PARTIES

3. Plaintiff, Joel Peyton, is a citizen of Simpson County, Kentucky.

4. Defendant, Mason Barnes, is a citizen of Simpson County, Kentucky and Judge Executive of Simpson County, a position that empowers him as the "chief executive of the county" and grants him "all the powers" and "duties of an executive and administrative nature vested in, or imposed upon, the county or its fiscal court by law, or by agreement with any municipality or other subdivision of government, and such additional powers as are granted by the fiscal court." KRS 67.710.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this case raises federal claims arising under 42 U.S.C. § 1983 and the First Amendment of the United States Constitution.

6. Plaintiff brings his claims for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202, Federal Rules of Civil Procedure 57 and 65, *Ex parte Young*, 209 U.S. 123 (1908), and the general legal and equitable powers of this Court. Plaintiff also seeks nominal monetary damages as relief.

7. Venue is proper in this Court because Defendant is located in the Western District of Kentucky, Bowling Green Division, 28 U.S.C. § 1391(b)(1), and a substantial part of the events giving rise to Plaintiff's claims occurred in this district, 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

8. Mason Barnes operates an official Facebook page titled "Mason Barnes – Simpson County Judge Executive." The page is regularly used to communicate with the public about Barnes's official actions as Judge Executive including updates on County projects, office closures, hiring, official events and government announcements. The page introduction reads: "I look forward to representing all the people of Simpson County in a fair and respectable manner."[1] The Facebook page's official website is the official website for Simpson County, Kentucky.[2]



---

[1] *See* Mason Barnes - Simpson County Judge Executive, https://www.facebook.com/people/Mason-Barnes-Simpson-County-Judge-Executive/100064836215265/?mibextid=wwXIfr&rdid=QbB0SadsrortO6oK&share_url=https%3A%2F%2Fwww.facebook.com%2Fshare%2F19ovaRQgXS%2F%3Fmibextid%3DwwXIfr

[2] https://simpsoncountyky.gov

9. In 2023, Joel Peyton learned that his local government Industrial Authority was planning to purchase farmland near his neighborhood to build warehouses or recruit factories. Peyton and his neighbors organized a group to fight against the plans.

10. Peyton filed various open records requests and discovered credit card charges by the Industrial Authority director that appeared personal. Soon after that discovery, the director resigned, and the Industrial Authority abandoned the land purchases.

11. Peyton also concluded from his open records requests that Mason Barnes, his county Judge Executive, who is a non-voting member of the Industrial Authority, encouraged the land purchases. The Industrial Authority also sold a parcel of land to a resident to build a house. Barnes, who owns a construction company, was to build the house. That construction started in 2024, even though the land was still zoned as an interstate interchange business district, not as a residential district.

12. Peyton observed the County Fiscal Court Meetings where the final zone change adoption votes took place and determined that Barnes had not disclosed his personal business affiliation nor recused himself from voting, in violation of the Simpson County Code of Ethics.

13. In June 2024, Peyton filed an ethics complaint with his regional ethics board related to Barnes's suspected ethics violations.

14. The Ethics Board hearing was held in January 2025. The Board concluded Barnes had violated the ethics code.

15. On or around February 10, 2025, after the results of the ethics hearing were released, Barnes blocked Peyton from accessing his County-affiliated Facebook page. This prevents Peyton from viewing Barnes's Facebook page altogether, including information posted by Barnes or comments by other members of the community. This also prevents Peyton from commenting on Barnes's page.

16. That day, a post on Barnes's official Facebook page referred to Peyton's neighborhood group and complained that "one of the members of the small citizen group started filing copious amounts of open records requests." Barnes named Peyton and others who had signed the ethics complaint.

17. When Peyton tried to access Barnes's official Facebook page, he received this notice:



18. On February 14, 2025, Barnes posted again on his official Facebook page about the Ethics Board's investigation and findings, stating that "the group of complainants were purely politically motivated by my stance on Industrial expansion[.]"

19. Peyton remains blocked by Barnes, unable to view the page or comment on posts, as of the date of this Complaint.

## CLAIMS FOR RELIEF

### COUNT ONE
### 42 U.S.C. § 1983 – First Amendment Violation

**Mason Barnes violated Joel Peyton's First Amendment rights when he blocked him from his official social media page.**

20. Plaintiff incorporates the preceding paragraphs by reference.

21. The First Amendment states, "Congress shall make no law . . . abridging the freedom of speech." U. S. Const. amend. I.

22. A government official can be held liable under 42 U.S.C. § 1983 for violating the First Amendment—which applies to state and local governments through the Fourteenth Amendment—when the official blocks an individual from the official's social media page or deletes an individual's comments from the page. *Lindke v. Freed*, 601 U.S. 187, 202 (2024) (recognizing, among other things, that counties and municipalities engage in state action when they operate social media pages).

23. The First Amendment prohibits State actors from engaging in viewpoint discrimination in public forums, and "[v]iewpoint discrimination is apparent . . . if a government official's decision to take a challenged action was impermissibly

motivated by a desire to suppress a particular point of view." *Davison*, 912 F.3d at 687 (quotation omitted).

24. By attempting to suppress any suggestion that he might be violating the Simpson County Code of Ethics and blocking Peyton from viewing his official Facebook page in retaliation for Peyton uncovering his ethics violations, Barnes engaged in unlawful viewpoint discrimination.

25. The First Amendment's protection is "at its zenith" when applied to "core political speech." *Buckley v. Am. Constitutional Law Found.*, 525 U.S. 182, 187 (1999) (quoting *Meyer v. Grant*, 486 U.S. 414, 425 (1988)).

26. Barnes's ethics violations are precisely such a matter of political speech; Peyton's speech was of political importance, decrying the unethical actions of a public official in violation of the County Code of Ethics.

27. By blocking Peyton because of his viewpoint, Barnes prohibited Peyton from accessing a public forum and expressing his opinions in that forum. Such behavior deprives Peyton of his clearly established First Amendment right to free speech.

28. In *Lindke v. Freed,* the Supreme Court ruled that an official's action of blocking a citizen from their social media page constitutes state action "if the official (1) possessed actual authority to speak on the State's behalf, and (2) purported to exercise that authority when he spoke on social media." 601 U.S. at 191.

29. As to the first factor, Barnes holds the elected office of Judge Executive in Simpson County. The Kentucky Revised Statutes grant broad executive and administrative power to the Judge Executive; "[t]he county judge/executive shall be

the chief executive of the county and shall have all the powers and perform all the duties of an executive and administrative nature vested in, or imposed upon, the county or its fiscal court by law, or by agreement with any municipality or other subdivision of government, and such additional powers as are granted by the fiscal court. The county judge/executive shall be responsible for the proper administration of the affairs of the county placed in his charge." KRS 67.710. This indicates that Barnes had actual authority to speak on the Commonwealth and County's behalf, satisfying the first factor.

30. The second factor requires a fact-specific undertaking to analyze the "appearance and function of the social-media activity" to determine whether the individual was using "speech in furtherance of his official responsibilities." *Lindke*, 601 U.S. at 197.

31. Under *Lindke*'s framework, Barnes was clearly "speaking in his official capacity" through the Facebook page. For example, there is no "disclaimer" that the views expressed are strictly "personal"; rather it is marked as a "community" page which became the official public-facing page of the Judge Executive's office after his election. The page's name change history is reproduced below:



32. Moreover, when an individual is blocked, as Peyton is, "on a page-wide basis, a court [must] consider whether [the official] had engaged in state action with respect to *any* post on which [the blocked individual] wished to comment." *Lindke*, 601 U.S. at 204 (emphasis added).

33. Barnes's official Facebook page was intended for public announcements related to his public office. Barnes regularly uses the page to communicate with the public about executive and administrative announcements related to his official position. Therefore, Barnes was authorized and did purport to speak on behalf of the County government when he posted on his official Facebook page. His blocking of Peyton is therefore state action.

34. Peyton is entitled to a permanent injunction ordering Barnes to refrain from suppressing his First Amendment rights.

35. Peyton is further entitled to a declaratory judgment declaring that Defendant violated his First Amendment free speech rights by blocking Peyton from Barnes's official Facebook page.

36. Peyton is also entitled to monetary damages against Defendant for deprivation of his First Amendment free speech rights.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

A. Set a trial by jury of the allegations set forth in this Complaint;

B. Enter judgment in the Plaintiff's favor;

C. Enter a preliminary and permanent injunction ordering Barnes, his agents, employees, officers and all other persons in active concert or participation with him to refrain from blocking Peyton or other members of the public from interacting with Barnes's official Facebook page;

D. Enter declaratory judgment declaring that Barnes violated Peyton's First Amendment right to freedom of speech when he blocked him from making comments on his official Facebook page;

E. Award Peyton monetary damages for Defendant's violations of his constitutional rights;

F. Award Peyton his attorneys' fees and costs as a prevailing party under 42 U.S.C. § 1988; and

G. Grant Peyton all further relief that the Court deems just, proper, or equitable at law or equity.

Dated: March 11, 2025         Respectfully submitted,

MEGERLE LAW

/s/ Steven Joseph Megerle
Steven J. Megerle, Ky. Bar Reg. No. 90675
MEGERLE LAW
P.O. Box 2613
Covington, KY 41012
(859) 982-2025 – telephone
Facsimile: 859-972-0555
Sjm4880@aol.com

AND

LIBERTY JUSTICE CENTER

Dean McGee*
LIBERTY JUSTICE CENTER
7500 Rialto Blvd.
Suite 1-250
Austin, TX 78735
(512) 481-4400 - telephone
dmcgee@libertyjusticecenter.com

*Pro hac vice admission forthcoming*

    *Attorneys for Plaintiff Joel Peyton*